

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. 6:18-CR-58<br>JUDGE(S) JRG/KNM |
| RICHARD LEON LENOIR<br>a.k.a. "Shock" | § § § | |

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute Methamphetamine)

On or about May 7, 2018, in the Eastern District of Texas, defendant **Richard Leon Lenoir**, did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

## Count Two

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about May 7, 2018, in the Eastern District of Texas, defendant **Richard Leon Lenoir**, having been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

1. Aggravated Assault with a Deadly Weapon, a Texas second-degree felony, in cause number 31406-A, before the 188th District Court in Gregg County, Texas, on August 23, 2004;
2. Unlawful Possession of a Firearm by a Felon, a Texas third-degree felony, in cause number 41653-B, before the 124th District Court in Gregg County, Texas, on April 9, 2013;
3. Unlawful Possession of a Firearm by a Felon, a Texas third-degree felony, in cause number 120377X, before the 71st District Court in Harrison County, Texas, on September 20, 2013;

did knowingly and unlawfully possess in and affecting interstate commerce firearms, to wit:

1. a Smith and Wesson, model M&P, 9mm caliber pistol;
2. a Smith and Wesson, model SD9 VE, 9mm caliber pistol;

said firearms having been shipped and transported in interstate commerce.

In violation of 18 U.S.C. § 922(g)(1).

## Count Three

Violation: 18 U.S.C. § 924(c)
(Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about May 7, 2018, in the Eastern District of Texas, defendant **Richard Leon Lenoir**, did knowingly use and carry firearms during and in relation to, and did knowingly possess the firearms in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute methamphetamine, as charged in Count 1 of this indictment.   The firearms were a Smith and Wesson, model M&P, 9mm caliber pistol and a Smith and Wesson, model SD9 VE, 9mm caliber pistol.

In violation of 18 U.S.C. § 924(c).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), & 28 U.S.C. § 2461

As the result of committing the foregoing offenses alleged in this indictment, the defendant herein shall forfeit to the United States, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violations;

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3. any and all firearms, ammunition and accessories seized from the defendant, including:

    1) a Smith and Wesson, model M&P, 9mm caliber pistol bearing serial number DXH2496;
    2) a Smith and Wesson, model SD9 VE, 9mm caliber pistol, bearing serial number FXB2301; and
    3) 26 rounds of unknown manufacturer 9mm ammunition.

**Cash Proceeds**

A sum of money equal to $1,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendant as a result of the offense(s) alleged in this indictment, for which the defendant is personally liable.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value or;

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

A TRUE BILL,

8-15-18
Date

_____
FOREPERSON OF THE GRAND JURY

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____
LUCAS MACHICEK
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. 6:18-CR-_____ |
| | | JUDGE(S) _____ |
| RICHARD LEON LENOIR | § | |
| a.k.a. "Shock" | § | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. § 841(a)(1)

Penalty: If less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine – imprisonment for a term of not more than 20 years, a fine not to exceed $1,000,000, or both, and a term of supervised release of at least 3 years.

If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned for a term of not more than 30 years, a fine not to exceed $2,000,000, or both, and a term of supervised release of at least 6 years.

Special Assessment: $100.00

### Count Two

Violation: 18 U.S.C. § 922(g)(1)

Penalty: Imprisonment for not more than 10 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years.

If a defendant has three previous convictions by any court referred to in 18 U.S.C. § 922(g)(1) for a violent felony or a serious drug offense, or both, committed on

occasions different from one another, said defendant shall be fined not more than $250,000.00 and imprisoned not less than 15 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Special Assessment:     $100.00

### Count Three

Violation:     18 U.S.C. § 924(c)

Penalty:     Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both, and supervised release of not more than 5 years.

In the case of a second or subsequent conviction of this offense, the term of imprisonment shall not be less than 25 years; which must be served consecutively to any other term of imprisonment; a term of supervised release of not more than 5 years.

Special Assessment:     $100.00